**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | |
|---|---|
| **ROGER D. HINES** ] | |
|     **Plaintiff,** ] | |
| ] | |
| **v.** ] | **No. 1:09-0066** |
| ] | **Judge Echols** |
| **KYLE HELTON, et al.** ] | |
|     **Defendants.** ] | |

### **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Giles County Jail in Pulaski, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Kyle Helton, Sheriff of Giles County, and Teresa Maddox, Administrator of the Giles County Jail, seeking injunctive relief.

The plaintiff complains about conditions of his confinement at the Giles County Jail. More specifically, he alleges that medical treatment "is almost non-existent". In addition, the plaintiff claims that mold is growing on the ceiling of his pod, the food is cold and lacks nutritional value, the Jail is overcrowded with some inmates being forced to sleep on the floor, and an insufficient amount of toilet paper is being provided to inmates.

This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the defendants' official office rather than the individuals themselves.

1

Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Giles County, the municipal entity that operates the Jail. *See* Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Giles County or its agent, the Giles County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Giles County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Giles County that required poor living conditions at the Giles County Jail. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

Robert L. Echols
United States District Judge